# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: August 25, 2017

```
* * * * * * * * * * * * *
KARIE N. DUVERNAY, as Natural     *     No. 16-582V
Guardian and Legal Representative *
Of W.R.D., a minor,               *
                                  *
              Petitioner,         *     Special Master Sanders
                                  *
      v.                          *
                                  *     Attorneys' Fees and Costs; Reasonable
SECRETARY OF HEALTH               *     Amount Requested.
AND HUMAN SERVICES,               *
                                  *
              Respondent.         *
* * * * * * * * * * * * *
```

<u>Nancy R. Meyers</u>, Ward Black Law, Greensboro, NC, for Petitioner.
<u>Jennifer L. Reynaud</u>, United States Department of Justice, Washington, DC, for Respondent.

### **DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On May 16, 2016, Karie N. Duvernay ("Petitioner"), as the natural guardian and legal representative of W.R.D., filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-10 to -34 (2012).  Petitioner alleged that W.R.D. suffered from synovitis as a result of the Diphtheria-Tetanus-acellular-Pertussis ("DTaP"), Inactivated Polio Virus ("IPV"), and Hepatitis B ("Hep B") vaccines administered on February 6, 2014, and the Haemophilus influenza b ("Hib"), Pneumococcal conjugate ("PCV"), and rotavirus vaccines administered on March 11, 2014.  Decision 1, ECF No. 34.  On August 4, 2017, the undersigned issued a decision awarding compensation to Petitioner pursuant to the parties' joint stipulation.  *Id.*

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On August 17, 2017, Petitioner filed an application for attorneys' fees and costs. Mot. Att'ys' Fees & Costs, ECF No. 38. Petitioner requested $19,920.50 in attorneys' fees and $434.50 in costs, for a total of $20,355.00. *Id.* at 1. Petitioner averred that she incurred no personal costs in the prosecution of this case. ECF No. 38-1.

Respondent submitted a Response to Petitioner's motion on August 24, 2017. Resp't's Resp., ECF No. 39. Respondent indicated that "[t]o the extent the Special Master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent[,] . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent recommended that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs. *Id.* at 3. On August 24, 2017, Petitioner submitted a Reply. Pet'r's Reply, ECF No. 40. Petitioner agreed with Respondent's "recommendation that Special Master Sanders exercise her discretion and determine a reasonable award for attorneys' fees and costs in this case." *Id.*

The undersigned has reviewed the detailed records of time and expenses of Petitioner's counsel, and finds that they are reasonable. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs. **Accordingly, the undersigned hereby awards the amount of $20,355.00,[3] in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Nancy R. Meyers, of Ward Black Law.[4]** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Attorney Nancy Meyers practices in Greensboro, North Carolina. Although forum rates are applied to the requested fees in this case, I do not reach the question of whether Ms. Meyers is entitled to the forum rate. This decision does not constitute such a determination.

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).